FILED
2012 Aug-24  PM 02:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY JEROME JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:10-CV-2836-VEH** |
| | ) | |
| **BIRMINGHAM, CITY OF, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION

### I.  Background

This case stems from the October 20, 2008, arrest of Plaintiff, Timothy Jerome Johnson ("Plaintiff") by City of Birmingham police officer Christopher Hutchinson ("Officer Hutchinson"). The Plaintiff has sued both Officer Hutchinson (individually and in his official capacity) and the City of Birmingham ("City") (hereinafter, Officer Hutchinson and the City are collectively referred to as "Defendants") under 42 U.S.C. § 1983. Plaintiff sued Officer Hutchinson for violating his Constitutional rights in that: Officer Hutchinson illegally detained and illegally searched Plaintiff (Count III); Officer Hutchinson illegally arrested Plaintiff (Count I); and Officer Hutchinson used excessive force (Counts I and IV). Plaintiff also is suing Officer Hutchinson under

1

Alabama state law for these acts (negligent, reckless, wanton, intentional and/or malicious: unlawful search, unlawful detention, unlawful arrest, unlawful imprisonment, and excessive force (¶ 20); negligent and/or intentional infliction of emotional distress (¶ 21)) (Count VI). Plaintiff sued the City for violating his Constitutional rights in that: Plaintiff was illegally confined by the City at the Birmingham City Jail (Count II); the City is liable because Officer Hutchinson's actions were carried out according to policies, customs, and practices approved, endorsed, or ratified by the City (Count V); the City is liable because Officer Hutchinson was inadequately trained and supervised (Count V); and the City is liable under state law for Officer Hutchinson's acts by virtue of respondeat superior (¶ 22), because Officer Hutchinson's acts were according to approved customs, policies, and practices of the City (¶ 23), and because the City failed to properly train and supervise Officer Hutchinson (¶ 24)(Count VI).

## II.   **Procedural History**

On January 18, 2012, Defendants filed a Motion for Summary Judgment. (Docs. 20, 21). On February 25, 2012, Plaintiff filed a response to Defendants' Motion for Summary Judgment. (Doc. 25) On June 22, 2012, Chief Magistrate Judge Paul W. Greene entered a Report and Recommendation granting Summary Judgment to the Defendants on all of Plaintiff's claims. On June 22, 2012, Judge Greene

entered an order reassigning the matter to the undersigned.  (Doc. 31)

Objections to the Report and Recommendation were due by July 9, 2012. (Doc.30).   The Plaintiff failed to file timely objections.   On July 11, 2012, the undersigned entered an Order adopting the Report and Recommendation and also entered a Final Judgment ordering that the case be dismissed with prejudice.  (Docs. 32, 33).

On July 12, 2012, the Plaintiff filed a Motion to Set Aside the Judgment. (Doc. 34).  On July 16, 2012, the court ordered the Plaintiff to file specific objections to the Report and Recommendation.  On July 25, 2012, the Plaintiff filed objections to the Report and Recommendation.  (Doc. 35).  On July 27, 2012, Defendants responded to Plaintiff's Motion and Objections.  (Doc. 37).

## III.   <u>Legal Standards</u>

### A.   <u>Motion To Set Aside</u>

While no party discusses what rule or legal standard applies to Plaintiff's Motion, Plaintiff's proffered reason for setting aside the summary judgment and order of dismissal is "inadvertent error." (Motion, Doc. 34, ¶ 2).  Therefore, the court treats the Motion as having been brought under FED. R. CIV. P. 60(b)(1).

Under Rule 60(b)(1), the court may relieve a party from a Final Judgment or Order for "mistake, inadvertence, surprise, or excusable neglect."  A motion under

Rule 60(b)(1) must be made within a reasonable time and, in any event, no more than a year after the entry of a judgment or order or the date of the proceeding. Defendants have not asserted that Plaintiff's proferred reason of inadvertent error is insufficient, nor have they otherwise opposed the court's consideration of Plaintiff's objections on the merits. Therefore, to the extent that Plaintiff's Motion asks this court to reopen the case and consider Plaintiff's objections to Judge Greene's Report and Recommendation, the Motion is due to be granted as unopposed. Plaintiff's objections will be considered by the court on the merits.

      B.    <u>Review of Report and Recommendation</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). A district judge must review legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. S. Ry.*, 37 F.3d 603, 604 (11th

Cir. 1994); *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), *aff'd* 28 F.3d 116 (11th Cir. 1994).

That said, the court also acknowledges the principle that "[n]either the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted). Moreover, absent specific objections, there is no requirement that a district judge review factual findings *de novo*. *See Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that when a party "did not file specific objections to factual findings by the magistrate judge, there was no requirement that the district court de novo review those findings") (emphasis in original) (citations omitted).

Additionally, it is incumbent upon the parties to raise before the district court any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See*, *e.g.*, *United States v. Pilati*, 627 F.3d 1360, 1364 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the

district court.")

### C.    Summary Judgment Standard

The Eleventh Circuit has summarized the summary judgment burden, including when a defendant seeks judgment as a matter of law on the basis of an affirmative defense, as follows.

> Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quotations and emphasis omitted). If the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense. *See Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir.2003).

*Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1273-74 (11th Cir. 2006).

## IV.    Plaintiff's Objections

### A.    Overview

Initially, the court notes that Plaintiff did not object to Judge Greene's grant of summary judgment to the City as to Plaintiff's claims (whether under Section 1983 or state law) against it.  Therefore, summary judgment is due to be granted in favor

6

of the City as to all of Plaintiff's claims.  The court will now turn to the matters that Plaintiff did object to: the grant of qualified immunity to Officer Hutchinson concerning Counts I, II, III, and IV and the grant of discretionary function immunity to Officer Hutchinson on Plaintiff's state law claims (Count VI).[1]

    B.    <u>Specific Objections</u>

        1.    Extensive Criminal Record Finding.

Plaintiff objects to Judge Greene's factual finding that Plaintiff has an "extensive criminal record." (Objections, Doc. 35, ¶ 1.)  Because, as Defendants point out (*see* Doc. 37, p. 3), this finding is immaterial to any finding by Judge Greene or this court, the court sustains Plaintiff's objection to this factual finding.[2]

        2.    Summary Judgment in Favor of Officer Hutchinson.

            a.    Qualified Immunity and Constitutional Rights

---

[1] The Defendants believe that the Plaintiff has also objected to the grant of summary judgment to the City as to Plaintiff's claims based on respondeat superior and the grant of discretionary function immunity to the City on Plaintiff's state law claims.  However, the court has read and re-read the Plaintiff's objections, and does not find any objection that is more than perfunctorily and ambiguously stated as to the grant of summary judgment to the City on these claims.  Therefore, the court finds that, <u>if</u> Plaintiff objected to the grant of summary judgment to the City on any of Plaintiff's claims, that objection was waived.  *See* Section II. B., *supra*.

[2] This fact is immaterial because there is absolutely no evidence in the record that Officer Hutchinson was aware of the Plaintiff's criminal history, other than that the Plaintiff "had [a]n outstanding probation violation warrant from the Birmingham Municipal Court." (Doc. 21-1, Affidavit of Christopher Hutchinson, p. 2).  Of note to the court's later analysis, the Plaintiff does not deny the existence of that warrant and, indeed, admits that he was "found guilty of the ... probation violation for which he was arrested...." (Doc. 35, Objections, ¶ 1.)..

A state official is entitled to qualified immunity from a suit for money damages unless the plaintiff demonstrates that (1) the official violated a constitutional right (2) that was clearly established at the time the challenged conduct occurred. *Ashcroft v. al-Kidd*, 563 U.S. ——, 131 S.Ct. 2074, 2080 (2011). The Supreme Court has said that courts may consider these questions in any order. *Id.*

"Only if a cognizable violation is shown does the court proceed to determine whether defendant is entitled to immunity." 13D Charles Alan Wright, et al., *Federal Practice & Procedure* § 3573.3 n. 65 (3d ed.2008) (citing *Moore v. Andreno*, 505 F.3d 203, 208 n. 5 (2d Cir.2007)). "If there is no constitutional violation, then the plaintiff's § 1983 claim fails as a matter of law and the defendant is therefore entitled to summary judgment and does not need qualified immunity." *Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007); *see also Ambrose v. Young*, 474 F.3d 1070, 1077 n. 3 (8th Cir. 2007) ("[I]f no constitutional violation occurred, plaintiff's claim fails as a matter of law because plaintiff did not prove an essential element of the § 1983 claim."

b.     Constitutional Rights at Issue in this Case

Plaintiff's complaint alleges violations of rights secured to the Plaintiff by the Fourth, Fifth, and Fourteenth Amendments.

The Fourth Amendment provides, in pertinent part:

8

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated....

U.S. Const. amend IV. "The Fourth Amendment protects the right of persons to be free from unreasonable searches and seizures." *United States v. Perkins*, 348 F.3d 965, 969 (11th Cir.2003). "There are three broad categories of police-citizen encounters for purposes of ... Fourth Amendment analysis: (1) police-citizen exchanges involving no coercion or detention; (2) brief seizures or investigatory detentions; and (3) full-scale arrests." *United States v. Perez*, 443 F.3d 772, 777 (11th Cir. 2006).

The first category of police-citizen encounters does not implicate the Fourth Amendment. *Perez*, 443 F.3d at 777. "Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen." *United States v. Drayton*, 536 U.S. 194, 200, 122 S.Ct. 2105, 2110 (2002). Thus, "[o]fficers are free, without any level of suspicion, to approach citizens on the street or in a public place." *Miller v. Harget*, 458 F.3d 1251, 1257 (11th Cir. 2006). The Eleventh Circuit has held that it was permissible for officers to approach a car that had stopped momentarily in traffic, regardless of whether the officers had reasonable suspicion of criminal activity, as long as the officers did not

exert a sufficient show of authority to communicate to the individual that his liberty was restrained.  *United States v. Baker*, 290 F.3d 1276, 1278–79 (11th Cir. 2002). Such a show of authority could take the following forms: "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled."  *Id*. at 1278 (citation omitted). "[T]he crucial test is whether, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business".  *Id*. at 1278–79 (quotation omitted).

However, once the interaction rises to the level of a brief seizure or investigatory detention, then the officer must have reasonable, articulable suspicion that the individual has engaged in or is about to engage in criminal activity.  *Terry v. Ohio*, 392 U.S. 1, 24, 88 S.Ct. 1868, 1881 (1968).  When analyzing whether the officers had reasonable suspicion, courts look "at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *Perkins*, 348 F.3d at 970 (quotations omitted). *See Illinois v. Wardlow*, 528 U.S. 119, 123, 120 S.Ct. 673, 675 (2000) (noting that "reasonable suspicion is a less demanding standard than probable cause") (quotation

omitted).

The Fifth Amendment provides, in pertinent part:

No person shall ... be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law....

U.S. Const. amend V.

The Fourteenth Amendment provides, in pertinent part:

Section. 1. ... No State shall ... deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend IV, § 1.

c.      Seizure - Initial Stop

Plaintiff objects to Judge Greene's "determination" that Officer Hutchinson is entitled to qualified immunity.  (Objections, Doc. 35, ¶ 2.)  Plaintiff "objects to the finding that Officer Hutchinson had arguable probable cause to seize, search, and ultimately arrest" the Plaintiff.[3]  (*Id.*, ¶ 3.)  This objection apparently is to the initial

---

[3]  The court has searched in vain for any argument that Officer Hutchinson "searched" the Plaintiff when Officer Hutchinson demanded the "I.D.s" of the three individuals, including Plaintiff, who were in the alley.  However, any such argument would be in vain as "not every encounter between law enforcement officers and a citizen constitutes a seizure within the meaning of the Fourth Amendment." *United States v. Thompson*, 712 F.2d 1356, 1359 (11th Cir. 1983). "Some such contact, such as the mere approach and questioning of a willing person in a public place, involves no coercion and detention and hence is outside the domain of the Fourth Amendment." *Id*.  There simply is no evidence that the Plaintiff was coerced into giving his identification to Officer Hutchinson.  "Statements by counsel in briefs are not evidence." *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980).

stop and detention, as the Plaintiff agrees that he was "found guilty of the ... probation violation for which he was arrested ...." (Objections, Doc. 35, ¶ 1.)

Thus, Plaintiff is objecting to Judge Greene' determination that <u>the initial stop and detention</u> was based on arguable probable cause, as Officer Hutchinson had "reasonable suspicion of criminal behavior given the totality of the actions observed by him and the area in question." (Objections, Doc. 35, ¶ 3.) The Plaintiff argues that this determination is not supported by the facts and the law.

> [Plaintiff] had reason to be there, having purchased two beers at the convenience store. Johnson Aff. (Doc. 26 Exh A) p. 1. In actuality, there was nothing else observed by Officer Hutchinson. Mr. Johnson was simply present in a supposed "high crime area". While a person's presence in such an area can be a factor in the analysis of whether reasonable suspicion existed for a stop, it cannot, in and of itself, justify the stop. *See* <u>U.S. v. Gordon</u>, 231 F.3d 750, 755-756 (11th Cir. 2000). Officer Hutchinson cannot point to any reasonable suspicion that [Plaintiff] had been or was about to engage in criminal activity.

(*Id*.)

As stated by Plaintiff, the standard for even a brief stop is "reasonable suspicion that the Plaintiff had been or was about to engage in criminal activity." An officer may seize a person-in the form of a brief detention-in order "to make reasonable inquiries to determine whether criminal activity was afoot." *United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007) (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). In order to determine the seizure of a person inherent in stopping that person

was unreasonable, courts ask whether the officer's action was justified at its inception. *Terry*, 392 U.S. at 21.  The answer to this question turns on whether the officer had reasonable suspicion of past or imminent criminal activity to make the stop.  *United States v. Acosta*, 363 F.3d 1141, 1144 (11th Cir. 2004).  The officer must point to specific, objective, and articulable facts-as opposed to an inchoate and unparticularized suspicion or hunch-that reasonably warrant the intrusion.  *Brown v. Texas*, 443 U.S. 47, 51 (1979).  In other words, the totality of the circumstances must give the officer "some minimal level of objective justification" for the stop.  *United States v. Sokolow*, 490 U.S. 1, 7-8 (1989); *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000).

This court agrees that Officer Hutchinson lacked the reasonable suspicion necessary to support a *Terry* stop.  Even under the facts <u>as stated by Officer Hutchinson</u>, at the time of the stop all that Officer Hutchinson had observed was the Plaintiff and two other persons were in an alley at 7:00 p.m. in a high crime area, and that the Plaintiff (who was not driving or stated to be approaching a vehicle) "had been drinking and smelled of alcohol."  Further, the Plaintiff stated that he had just left a store where he had purchased two beers (and that the beers were still unopened at the time of the incident).  These facts are not sufficient to support even a brief stop. *See U.S. v. Powell*, 222 F.3d 913, 917 (11th Cir.2000) ("An individual's presence in

an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime") (*Terry* stop upheld based on defendant's suspicious activities in connection with a known drug dealer's house). *See also*, *United States v. Briggman*, 931 F.2d 705 (11th Cir. 1991) (*Terry* stop of defendant based on his presence in a parking lot in a high crime area at 4:00 a.m., when all commercial establishments were closed for the night). The court further finds that the insufficiency of these facts to support a *Terry* stop was "clearly established" prior to the date of the incident that is the basis for the Plaintiff's Fourth Amendment claim. *Jenkins by Hall v. Talladega City Bd. of Educ.*, 115 F.3d 821, 827 n. 4 (11th Cir. 1997) ("In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose.")

Therefore, the court sustains the objections of the Plaintiff as to the initial stop and finds that Officer Hutchinson is not entitled to qualified immunity as to Plaintiff's Count I claims for such stop.[4]  Moreover, because the facts, <u>even when viewed in the</u>

---

[4]  The Plaintiff does not claim that he was searched incident to the stop.  Rather, he was searched incident to the <u>arrest</u>.  Therefore, the court does not reach this unasserted claim. However, even if the Plaintiff said that he was searched incident to the stop, the court finds that Officer Hutchinson has shown that there is simply no evidence to support this claim and therefore: (1) Officer Hutchinson is entitled to both qualified immunity and discretionary function immunity, and therefore is entitled to summary judgment as to such claim; and (2) Officer Hutchinson is entitled to summary judgment on the merits as to such claim (whether brought under Federal law or under state law).

light most favorable to Officer Hutchinson, show he did not have a reasonable

suspicion to stop Plaintiff, the court will grant summary judgment to Plaintiff on this

claim.[5]

> d.    Excessive Force - Initial Stop

To the extent that the Plaintiff can be said to have objected to Judge Greene's

grant of qualified immunity to Officer Hutchinson as to the Plaintiff's excessive force

claim related to the initial stop, there simply is no evidence that any force was used

to effectuate the initial stop.  Therefore, Officer Hutchinson is entitled to summary

judgment on the merits as to such claim (whether brought under Federal law or under

state law).

> e.    Seizure - Arrest

The Plaintiff does not deny that there was a valid outstanding warrant for him

that was the basis for his arrest by Officer Hutchinson.  Indeed, he admits that he was

"found guilty of the probation violation for which he was arrested."  (Objections,

Doc. 35, ¶ 1.).  The Plaintiff therefore has failed to state a cognizable claim against

Officer Hutchinson for his arrest.  *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015

---

[5] Even though Plaintiff has not moved for summary judgment, a court can—in this situation—grant summary judgment sua sponte. *See Nat'l Expositions, Inc. v. Crowley Mar. Corp.*, 824 F.2d 131, 133–34 (1st Cir. 1987); 10A Charles Alan Wright, et al., *Federal Practice & Procedure* § 2720 n.24 (3d ed. 2008).

(N.D.Cal. 2006) ( To establish a claim for unlawful arrest under § 1983, a plaintiff must prove that: (1) the defendant police officers arrested the plaintiff without a warrant, (2) the defendant was actually harmed, and (3) the officers' conduct was a substantial factor in causing the plaintiff's harm.)

Further, once the Plaintiff was arrested, it was appropriate procedure and legal for Officer Hutchinson to search the Plaintiff's person. *Virginia v. Moore*, 553 U.S. 164, 177–78, 128 S.Ct. 1598, 1608 (2008) (holding that, when officers have probable cause to believe that a person has committed a crime in their presence, the Fourth Amendment permits them to make an arrest, and to search the suspect in order to safeguard evidence and ensure their own safety).  Accordingly, summary judgment is due to be granted to Officer Hutchinson as to Plaintiff's search and seizure claims as to his arrest.

f.    Excessive Force - Arrest

Although the use of excessive force in carrying out an arrest violates the Fourth Amendment, the right to make a lawful arrest carries with it the right to use some degree of physical force to effect the arrest. *Rodriguez v. Farrell*, 280 F.3d 1341, 1352 (11th Cir. 2002). *See also Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 1871–72 (1989) (The right to make an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.").

16

However, an officer's use of force is excessive if his actions are not "<u>objectively</u> <u>reasonable</u> in light of the facts and circumstances confronting him, <u>without regard to</u> <u>his underlying intent or motivation.</u>"[6] *Zivojinovich v. Barner*, 525 F.3d 1059, 1072 (11th Cir. 2008) (internal quotation marks omitted) (emphasis supplied).  An officer is entitled to qualified immunity from an excessive force claim unless every reasonable officer in his position would have concluded that his use of force was unlawful. *Jones v. City of Dothan*, 121 F.3d 1456, 1460 (11th Cir. 1997).

A cognizable excessive force claim "evokes the Fourth Amendment's protection against the use of an unreasonable quantum of force (i.e., non-de minimis force unreasonably disproportionate to the need) in effecting an otherwise lawful arrest." *Bashir v. Rockdale Cnty., Ga.*, 445 F.3d 1323, 1332 (11th Cir. 2006) . To analyze such a claim, courts consider the totality of the circumstances and balance the nature and quality of the intrusion on the plaintiff's Fourth Amendment rights against the governmental interests at stake. *Jackson v. Sauls*, 206 F.3d 1156, 1169–70 (11th Cir. 2000).  The use of force is judged from the perspective of a reasonable officer on the scene to determine "whether a reasonable officer would believe that this level of

---

[6]  Because the test is an objective one, to the extent that Plaintiff objects to Judge Greene's finding that "there is no evidence that [Officer] Hutchinson applied any force maliciously or intended to cause the [P]laintiff any harm" (Objections, Doc. 35, ¶ 2), such finding is irrelevant to Plaintiff's federal excessive force claim and, therefore, is overruled as to such claim.

force is necessary in the situation at hand." *Zivojinovich*, 525 F.3d at 1072.  The

factors a court considers include whether the individual posed an immediate threat

to the officer or others and whether he was actively resisting arrest.  *Reese v. Herbert*,

527 F.3d 1253, 1272 (11th Cir. 2008).

> Under the facts as set out in the Plaintiff's affidavit,
>
> The officer made me bend over the hood of his car and he took everything out of my pockets, and then accused me of talking to him like 'I am a bitch' (his words) and called me a 'm-----f----r' and a 'son of a bitch.' He grabbed the back of the waist of my pants and pulled them up very hard.  He then came down very hard in the middle of my back with his entire weight on top of me.  He forearmed me at least three more [sic] times.

(Affidavit of Timothy Johnson, Doc. 26-1, pp 1-2.).  The court finds that the amount

of force used by Officer Hutchinson may have been more than was necessary;

however, it was not constitutionally excessive.  The court acknowledges that the

charges against Plaintiff were minor, and that the Plaintiff did not attempt to flee, and,

indeed, was totally compliant to Officer Hutchinson's instructions, including

remaining beside the police car while Officer Hutchinson called in to N.C.I.C. and

waited for a response.  Nonetheless, the use of force as described by the Plaintiff was

at most de minimus.  There is no evidence that the force was applied over more than

a few seconds or minutes.  There was no use of any devise, such as a taser (*see Fils

v. City of Aventura*, 647 F.3d 1272 (11th Cir. 2011) (holding use of taser on non-

resisting defendant was excessive under the circumstances)) a dog (*see Edwards v. Shanley*, 666 F.3d 1289, 1295 (11th Cir. 2012) (holding allowing dog to continue to attack defendant for 5 to 7 minutes after the defendant attempted to surrender was excessive force), or pepper spray (*see Vinyard v. Wilson*, 311 F.3d 1340, 1355 (11th Cir. 2002) ("Courts have consistently concluded that using pepper spray is excessive force in cases where the crime is a minor infraction, the arrestee surrenders, is secured, and is not acting violently, and there is no threat to the officers or anyone else.").  Furthermore, the only evidence of injury to the Plaintiff is "contusion to the right shoulder and right upper back status post assault on October 20, 2008.  Chest x-ray is negative.  He will be treated with ibuprofen for pain...."  (UAB Medical Records, Doc. 26-1, p. 8.)

The "application of de minimis force [during the course of a lawful arrest or detention], without more, will not support a claim for excessive force in violation of the Fourth Amendment."  *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000); *see also Gold v. City of Miami*, 121 F.3d 1442, 1446 (11th Cir. 1997) ("[T]he minor nature of [an] injury [can] reflect[ ] that minimal force was used."); *McCall v. Crosthwait*, 590 F.Supp. 2d 1337, 1342–44 (M.D.Ala. 2008) (collecting de minimis force/injury cases), *aff'd*, 336 Fed.Appx. 871 (11th Cir. 2009). *See also Croom v. Balkwill*, 645 F.3d 1240, 1252 (11th Cir. 2011) (recognizing that the Eleventh Circuit

19

has long declined to entertain claims of excessive force predicated upon the use of de minimus force by law enforcement and that the de minimus force exception survived *Graham v. Connor*, 490 U.S. 386 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).

In *Nolin*, the finding of "a minimal amount of force and injury" during a lawful arrest defeated an excessive force claim on qualified immunity grounds.[7]  In that case, as in this, the plaintiff was under lawful arrest when the officer "grabbed" and shoved him several feet into a van, kneed him in the back, and pushed his head into the side of a van, 207 F.3d at 1255, and the plaintiff sustained only temporary bruising that "quickly disappeared" without medical treatment, *id*. at 1258 n. 4. Additionally, in *Nolin*, as here, the alleged excessive force occurred prior to the plaintiff being handcuffed.  In short, on the Plaintiff's version of facts, the court finds that Officer Hutchinson's use of force was de minimis in terms of both force and injury and thus that Plaintiff has failed to show a cognizable claim.

Alternatively, the Plaintiff did not, in his objections, state that Judge Greene erred in determining that "application of the excessive force standard would not lead a reasonable officer to conclude that the force used in this case was unlawful." (Report and Recommendation, Doc. 30, p. 6).  Therefore, even if the force used was

---

[7]  "[E]ven de minimis force will violate the Fourth Amendment if the officer is not entitled to arrest or detain the suspect."  *Reese v. Herbert*, 527 F.3d 1253, 1272 (11th Cir. 2008) (quotation marks omitted).

more than de minimis, Plaintiff has not preserved his argument that every reasonable officer in Officer Hutchinson's position would have concluded that his use of force was unlawful. *Jones v. City of Dothan*, 121 F.3d at 1460. Therefore, summary judgment is due to be granted to Officer Hutchinson as to Plaintiff's § 1983 excessive-force-during-arrest claims on the alternative basis that Officer Hutchinson is entitled to qualified immunity.

### g.   State agent immunity

Plaintiff objects to Judge Greene's finding "[w]ith regard to [Plaintiff's] state law claims," that "there is no evidence that Hutchinson applied any force maliciously or intended to cause the plaintiff any harm." (Objections, Doc. 35, ¶ 4.)  In this section, Plaintiff objects to Judge Greene's determination that "Officer Hutchinson qualifies for state agent immunity." (*Id*.)  Plaintiff also objects to Judge Greene's finding "that Officer Hutchinson had reasonable suspicion to stop [Plaintiff] and at least arguable probable cause to search and arrest him, and that there is no evidence of malice or bad faith on the part of Officer Hutchinson." (*Id*.)  Plaintiff also objects to Judge Greene's determination "that, ergo, Officer Hutchinson qualifies for state agent immunity and that [Plaintiff's] state law claims against Hutchinson and the City of Birmingham fail as a matter of law." (*Id*.)

The Alabama Supreme Court has defined State-agent immunity as follows:

A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's

(1) formulating plans, policies, or designs; or

(2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:

(a) making administrative adjudications;

(b) allocating resources;

(c) negotiating contracts;

(d) hiring, firing, transferring, assigning, or supervising personnel; or

(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or

(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or

(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.

Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity

(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or

(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

*Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000).

The Alabama Supreme Court has established a "burden-shifting" process when

a party raises the defense of state-agent immunity. *Giambrone v. Douglas*, 874 So. 2d 1046, 1052 (Ala. 2003). In order to claim state-agent immunity, a defendant bears the burden of demonstrating that the plaintiff's claims arise from a function that would entitle the him to immunity. *Giambrone*, 874 So. 2d at 1052; *Ex parte Wood*, 852 So. 2d 705, 709 (Ala. 2002). If the defendant makes such a showing, the burden then shifts to the plaintiff to show that the defendant acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority. *Giambrone*, 874 So. 2d at 1052; *Wood*, 852 So. 2d at 709; *Ex parte Davis*, 721 So. 2d 685, 689 (Ala. 1998). The Plaintiff agrees that "arrests are generally considered discretionary acts." (Objections, Doc. 35, ¶ 4.)  Thus, the burden is on Plaintiff to show that Officer Hutchinson acted "willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority."

The court agrees that the Plaintiff has established that Officer Hutchinson acted beyond his authority as to the initial stop (and only as to the initial stop).  Therefore, Officer Hutchinson is entitled to state-agent immunity as to all claims other than the Plaintiff's claims relating to the initial stop.  Additionally, the Plaintiff has failed to show any action or inaction by the City that in any way caused or contributed to Officer Hutchinson's complained-of actions as to the initial stop, and has failed to articulate any objection to Judge Greene's determination that the City is not liable to

Plaintiff for any of his state law claims.  Thus, the City of Birmingham is entitled to summary judgment as to all of Plaintiff's state law claims.

### h.    State Law Claims Against Hutchinson

The court will now turn to Plaintiff's state law claims against Officer Hutchinson as applied to Plaintiff's version of the facts of the initial stop and consistent with the analysis above as to Plaintiff's Section 1983 claims with regard to that stop.

### i.    False Imprisonment

Plaintiff's first (remaining) state law claim against Officer Hutchinson is for false imprisonment.  (Complaint, Doc. 1, ¶ 20).  Under Alabama law, "false imprisonment consists of the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty."  *Crown Cent. Petroleum Corp. v. Williams*, 679 So.2d 651, 653 (Ala. 1996) (citing Ala. Code § 6-5-170 (1975)).  "For there to be a false imprisonment, there must be some direct restraint of the person; however, it is not necessary that there be confinement in a jail or a prison. Any exercise of force, or the express or implied threat of force, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or to go where he does not wish to go, is an imprisonment."  *Id.*

As described above, the undisputed facts show that Officer Hutchinson's initial

stop of Plaintiff deprived him of his personal liberty for a period of time.  And, for the reasons stated in Section IV.B.2.c, the detention was unlawful because the stop violated clearly established federal law.  Thus, the court will grant summary judgment to Plaintiff on this claim.

ii.    Intentional Infliction of Emotional Distress

Plaintiff's second state-law claim against Officer Hutchinson is for Intentional Infliction of Emotional Distress (or Outrage).  Alabama recognizes the tort of outrage. *Thomas v. BSE Indus. Contractors, Inc.*, 624 So.2d 1041, 1043 (Ala. 1993).  The Alabama Supreme Court "has consistently held that the tort of outrage is a very limited cause of action that is available only in the most egregious circumstances," *Id.* at 1044, such as wrongful conduct in the context of family burials, *see Whitt v. Hulsey*, 519 So. 2d 901 (Ala. 1987), extremely outrageous conduct by insurance agents, *see Nat'l Sec. Fire & Cas. Co. v. Bowen*, 447 So. 2d 133 (Ala. 1983), and egregious sexual harassment, *see Busby v. Truswal Sys. Corp.*, 551 So. 2d 322 (Ala. 1989).  Even viewing the facts in the light most favorable to the Plaintiff, Officer Hutchinson's initial stop was not sufficiently egregious to sustain a claim for outrage. Thus, the court will grant summary judgment to Officer Hutchinson on this claim.

## V.    <u>Conclusion</u>

For the foregoing reasons, the Motion for Summary Judgment is hereby

**GRANTED** as to all claims against the City, and **SUMMARY JUDGMENT** will be **ENTERED** in favor of the City.  The Motion for Summary Judgment is **GRANTED IN PART** as to all claims against Officer Hutchinson except the unlawful seizure claim in Count I and the false imprisonment claim in Count IV, and **PARTIAL SUMMARY JUDGMENT** will entered in favor of Officer Hutchinson on those claims.  The court will enter **PARTIAL SUMMARY JUDGMENT** in favor of Plaintiff and against Officer Hutchinson as to Plaintiff's unlawful seizure claim in Count I and his false imprisonment claim in Count IV.  The court will set these claims for trial on damages only.

**DONE** and **ORDERED** this the 24th day of August, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge